## McCALLUM v. WING.

Circuit Court of Appeals, First Circuit. April 9, 1929.

No. 2166.

For former opinion, see 30 F.(2d) 505.

Hugh W. Ogden, of Boston, Mass., for petitioner.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. Since the announcement of our opinion in this case the plaintiff in error, who was the defendant in the original action, has filed a petition for rehearing in which it is alleged in substance that the court has drawn "inferences of fact supplemental to those in the special findings of the District Court," in holding that the loan of $300,000 by Consolidated Gold Fields, while upon its face a borrowing by Refugio Syndicate, was in reality a loan of the syndicate managers through the instrumentality of Refugio Syndicate, which they controlled.

In Wing v. Sedgwick (C. C. A.) 4 F.(2d) 177, 178, it was held that Refugio Syndicate, having paid participation certificates in the $800,000 note with the money obtained through the $300,000 loan, became the equitable owner of these certificates although they were not assigned to it; that the participation certificates were an authorized borrowing by the syndicate, and the transfer of the $800,000 note as collateral for the $300,000 loan included the equitable interest acquired by Refugio Syndicate.

In the opinion which has been announced we have held that the $800,000 note was secured by the underwriting agreement, to which the defendant McCallum was a party, for, if it were not, then participation certificates in it would not be. We have also held that the assignment of this note as collateral carried with it the collateral by which it was

secured. The result reached is the same as that reached in Wing v. Sedgwick, supra. In that case it was held that the loans obtained by the participation certificates were a method of borrowing authorized by the syndicate agreement, and that Refugio Syndicate, in depositing the $800,000 note of the syndicate managers with the Guardian Trust Company, was acting as an instrument in the hands of the syndicate managers.

The finding by the District Court that the loan of $300,000 by Gold Fields was not a borrowing by the syndicate followed our finding in Wing v. Sedgwick, supra. Further consideration has led us to the conclusion, partly of law and of fact, which we have announced.

In addition to what was said in our opinion of January 19, 1929, we may state that assignment of error No. 6, which is the only assignment relating to the subject of set-off, is without support in the record, for that fails to show that any such request was made; but, assuming it was made and denied subject to exception, there are several reasons why the District Court did not err in disallowing defendant's claim of set-off: (1) A claim of set-off must be for a liquidated amount, or for an amount that may be ascertained by calculation. General Laws of Massachusetts, c. 232, § 1. The defendant's claim was not for a liquidated amount, or one ascertainable by calculation. (2) There is no finding and no proof by which defendant's proportional share of the amount collected from the subscribers can be determined, for the expenses incurred in making these collections are not shown. (3) The other participation certificate holders are not parties to the suit, so that their fair shares, as well as that of the defendant, in the fund collected can be determined.

The petition for a rehearing is denied.

ANDERSON, Circuit Judge, dissents.